**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ASHLEY DRUMMER, an individual,**<br><br>Plaintiff, individually and on behalf of all other persons similarly situated,<br><br>vs.<br><br>**U.S. BANK NATIONAL ASSOCIATION,**<br><br>Defendant. | **CASE NO: 21-cv-2668**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff, Ashley Drummer (Drummer or Plaintiff), individually and on behalf of all other persons similarly situated, for her complaint against U.S. Bank National Association (U.S. Bank or Defendant) alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. This action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). Plaintiff brings both individual and class causes of action.

2. This case involves repeat violations of the aforesaid statute by Defendant. Plaintiff is the subject of a foreclosure action filed by Defendant pending in the Circuit Court of Cook County, Case No. 2020 CH 02385.

3. U.S. Bank is the fifth largest commercial bank in the country with over $25 billion in revenues and 18 million customers. U.S. Bank previously settled a class action brought under the TCPA, *Virginia Guiette v. U.S. National Bank Association*, No. 18-cv-00174 (S.D. Ohio), but it continues to engage in the same wrongful conduct.

1

4. The foreclosure action was initiated against Plaintiff on March 9, 2020.

5. On or about December 15, 2020, Plaintiff through her attorneys, faxed a letter to U.S. Bank stating in relevant part:

> **You are hereby advised to cease all contacts with our clients immediately. Please direct your responses and all future correspondence solely to this office**
> **…**
> **I hereby revoke any prior consent I may have given to call me on any/all of my phone numbers on record.**

See letter attached as **Exhibit A** hereto.

The letter was re-faxed to U.S. Bank on December 29, 2020. **See Exhibit B**.

6. Notwithstanding the clear direction of the letter, U.S. Bank proceeded to call and harass Plaintiff thereafter with more than a dozen pre-recorded voice message calls to her cell phone number ending 1656 in violation of the aforesaid statute. The calls continue on an almost daily basis.

7. U.S. Bank leaves pre-recorded messages on Plaintiff's cell phone. These messages identify U.S. Bank as the caller and direct Plaintiff to call U.S. Bank at 800 365-7900. This number belongs to U.S. Bank Home Mortgages Collection Loans Cancelling Center.

8. Screenshots from Plaintiff's cell phone show repeated calls from U.S. Bank Home Mortgage 800 365-7900 after the cease contact letters were faxed in December 2020.

9. Courts have held that these type of pre-recorded calls to a cell phone where consent has been revoked and a do not call request has been made violate the TCPA.

10. Screenshots showing some of the calls to Plaintiff's cell phone from U.S. Bank are set forth below:























## PARTIES

11. Plaintiff is an individual residing in Cook County, Illinois.

12. Defendant U.S. Bank is a national banking association incorporated in Delaware, headquartered in Minnesota, and doing business throughout the country with multiple locations in Illinois where it regularly transacts business.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28. U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. Defendant removed this action from state court and does not contest the jurisdiction of this Court.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) since a substantial part of the events giving rise to the claim occurred here and because Defendant regularly transacts business in this District.

## TCPA STATUTORY STRUCTURE

15. The background of the TCPA is that Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at (5) and (12).

16. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

17. Further, TCPA regulations require that entities maintain internal do not call lists. 47 C.F.R. § 64.1200(d). Persons who request that calls cease have a private right of action if they receive more than one telephone solicitation within a year. Similarly, the TCPA prohibits more two or more calls in a twelve month period to a phone number registered on the DNC list.

18. The unlawful act under the TCPA is the making or initiation of the prohibited call. Courts have held that a plaintiff may assert a TCPA violation for unanswered calls. *See e.g. Fillichio v. M.R.S. Assocs., Inc.,* 2010 U.S. Dist. LEXIS 112780 at ** 7-8 (S.D. Fl. October 19, 2010).

19. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any artificial or pre-recorded voice to Plaintiff's cell hone in violation of the TCPA or the regulations proscribed thereunder.

20. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using an artificial or prerecorded voice to Plaintiff's cell phone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

## FACTUAL ALLEGATIONS

21. Plaintiff purchased property and obtained a mortgage from U.S. Bank

22. Defendant was unwilling to agree to a loan modification and filed a foreclosure action against Plaintiff.

23. On or around December 15 and 29, 2020, Plaintiff's counsel faxed a letter to Defendant that it cease contact with Plaintiff.

24. Regardless, Defendant continued to call multiple times

25. Defendant's telephone calls were made to Plaintiff's cellular telephone numbers ending in 1656 (Cellular Telephone) using an artificial or pre-recorded voice (hereinafter, "APV").

26. Plaintiff is the owner, regular user, and possessor of the Cellular Telephone with the assigned number ending in 1656.

27. At no time herein did Defendant possess Plaintiff's prior express consent to call his Cellular Telephone using an APV.

28. Additionally, if Defendant contends the below-referenced phone calls were placed for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

29. Regardless, even if Defendant contends there was consent, that consent was revoked by the cease and desist that was sent.

30. Further, Defendant is required under TCPA regulations to maintain an internal do not call list. 47 C.F.R. § 64.1200(d). After it received the December 2020 letters from Plaintiff's counsel, it was required to put Plaintiff's phone number on its internal do not call list and cease all further calls no more than 30 days thereafter. It failed to do so. Calls continued unabated thereafter. These calls were telephone solicitations of offers of mortgage relief services and assistance as well as debt collection calls. Thus, the calls violate the internal do not call regulations as telephone solicitations, and the rules on pre-recorded voice messages.

31. The initiation of the calls violated the aforesaid statutes and Plaintiff has sustained injury in fact due to the calls.

32. Defendant is in the best position to determine and ascertain the exact number and methodology of calls made to Plaintiff.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings Count One under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Classes defined as follows:

**Count One TCPA Class:**

Subclass (i): All persons in the United States who within the last four years (i) received calls from Defendant with an artificial or pre-recorded voice without their prior express consent;

Subclass (ii) All persons in the United States who within the last four years requested to be placed on Defendant's internal do not call lists and continued to receive more than one call in a twelve-month period starting 30 days after the request.

34. Plaintiff reserves the right to modify the Class definitions as she obtains further information, including telemarketing call records, through discovery.

35. Excluded from the Class is Defendant and entities in which Defendant has a controlling interest, its agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff or immediate family. This suit seeks only statutory damages and injunctive relief. It is expressly not intended to allege claims for personal injury or emotional distress.

36. The proposed Class can be identified through the business and telephone records of Defendant.

37. The number of Class Members is so numerous that individual joinder of all Class Members is impracticable.

38. Plaintiff is a member of the proposed Classes.

39. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Did Defendant call the cell phones of Plaintiff and Class Members through the use of an artificial or per-recorded voice without their prior express consent?

    b. Did Defendant initiate calls to Plaintiffs and Class Members after being requested by Plaintiff and Class Members to be placed on an internal do not call list?

    c. Did the aforesaid conduct violate the TCPA?

    d. Did Defendant act willfully so as to entitle Plaintiffs and the Class Members to treble damages?

    e. Should Defendant be enjoined from further unlawful conduct?

40. Plaintiff's claims are typical of the claims of Class Members.

41. Plaintiff's interests do not conflict with those of Class Members. She will fairly and adequately protect interests of Class Members. She is represented by counsel experienced in class action litigation.

42. Common questions of law and fact predominate over questions affecting only individual Class Members, and a class action is superior to other methods for the fair and efficient adjudication of this controversy.

43. The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small due to the time and expense necessary to pursue individual litigation. Management of these claims in a class action poses no significant impediments.

44. Defendant acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole appropriate. Plaintiff is informed and believe that the TCPA violations complained of herein are likely to continue unless an injunction is entered.

**COUNT ONE (CLASS CLAIM):**
**TELEPHONE CONSUMER PROTECTION ACT-**

**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through (44) as if fully restated herein and further states as follows:

45. Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's or the Class Members' prior express consent. Defendant has also violated the TCPA rules concerning internal do not call lists by continuing to call Plaintiff after her request through counsel that contact cease and that she be placed on an internal do not call list.

46. Defendant used an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone multiple times.

47. Plaintiff is informed and believes that multiple such calls were made to Class Members.

48. At no time did Defendant possess Plaintiff's prior express consent to call Plaintiff on her Cellular Telephone. Similarly, Defendant had no consent to call Class Members.

49. Additionally, if Defendant contends these phone calls were made for "informational purposes only," it nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's or Class Members' phones using an APV.

50. In addition, Defendant violated the TCPA by ignoring the request of Plaintiff and Class Members that calls cease. They should have been placed on an internal do not call list.

51. Further, regardless of any alleged prior consent, that consent was revoked when instant the Plaintiff and the Class Members requested that calls cease.

52. As a direct and proximate result of the aforementioned Defendant's conduct, Plaintiff and Class Members suffered:

      a.      the periodic loss of their Cellular and Telephone service;

      b.      lost material costs associated with the use of peak time Cellular Telephone minutes allotted under their Cellular Telephone service contracts;

      c.      expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

      d.      stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

      e.      statutory damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's actions and conduct, Plaintiff respectfully requests against Defendant entry of:

      a.      Judgment against Defendant declaring that Defendant violated the TCPA;

      b.      Judgment against Defendant for statutory damages in the amount of $500.00 for each of the telephone calls that violated the TCPA.

      c.      Judgment against Defendant for treble statutory damages in the amount of $1,500.00 for each of the telephone calls that violated the TCPA for which Defendant acted knowingly and/or willfully;

      d.      Judgment against Defendant for maximum statutory damages for each of the violations of the FCCPA;

      e.      Judgment against Defendant for actual damages in an amount to be determined at trial;

      f.      Judgment against Defendant for an award of reasonable attorneys' fees and costs;

      g.  An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class and any Sub-Classes the Court deems appropriate, finding that Plaintiff is a proper representative for the Class, appointing Plaintiffs' lawyers as Class Counsel; and

      h.  Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant, and demands that they and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

                                      Respectfully submitted,

                                      *Howard B. Prossnitz /s/*
                                      Law Offices of Howard Prossnitz PLLC
                                      1014 Ontario Street
                                      Oak Park, IL 60302
                                      Phone: 708 203-5747
                                      prossnitzlaw@gmail.com

                                      Young Kim, Esq.
                                      Consumer Law Attorneys
                                      2727 Ulmerton Rd., Ste. 270
                                      Clearwater, FL 33762
                                      Phone: (877) 241-2200
                                      litigation@consumerlawattorneys.com
                                      ykim@consumerlawattorneys.com
                                      (*Pro hac vice* motion to be filed.)
                                      *Counsel for Plaintiff*

Dated: May 18, 2021